**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **TRANS-ATLAS FINANCIAL,** ) | |
|    **Plaintiff,** ) | |
| vs. ) | No. 3:16-CV-0378-D (BH) |
| ) | |
| **SHEIK TEHUTI,** ) | Referred to U.S. Magistrate Judge |
|    **Defendant.** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case was referred for judicial screening. Based on the relevant filings and applicable law, the case should be dismissed for failure to prosecute or follow court orders.

**I. BACKGROUND**

On February 10, 2016, Sheik Tehuti sought to remove four cases in which he is a party from different state courts in Dallas County, Texas, to the United States District Court for the Northern District of Texas, and he moved for leave to proceed *in forma pauperis*. (*See* docs. 3, 4.) By *Notice of Deficiency and Order* dated March 1, 2016, he was notified that he had not provided sufficient information to determine whether he qualified to proceed *in forma pauperis* because he had not fully completed the application. (*See* doc. 7.) For his convenience, a copy of the application he had previously filed was attached to the order. *See id.* The order specifically advised Mr. Tehuti that he must submit a fully completed application within fourteen days, and that a failure to do so could result in the dismissal of his case. *Id.* More than fourteen days from the date of the order have passed, but Mr. Tehuti has not submitted a fully completed application to proceed *in forma pauperis*.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d

1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Mr. Tehuti failed to comply with the March 1, 2016 order that he submit a fully completed application to proceed *in forma pauperis* despite a warning that failure to do so could result in dismissal of the case. Since March 4, 2016, he has not filed anything else in the case. Because he failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

### III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to follow court orders unless Mr. Tehuti pays the filing fee or submits a fully completed application application to proceed *in forma pauperis* within the time for objecting to this recommendation, or some other deadline set by the Court.

**SIGNED** on this 11th day of April, 2016.

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3